IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TANA KIDWELL, HANNAH
KIDWELL, and BILLY
KIDWELL,

    Plaintiffs,

v.                                    CASE NO. 4:18-cv-18-MW-GRJ

JIMMY PATRONIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this case by filing a 68-page *pro se* civil rights complaint. (ECF No. 1.) Because Plaintiffs failed to comply with the Local Rules by failing to file their complaint on the Court-approved form for *pro se* litigants and by failing to abide by the 25-page limit without authorization from the Court to file excess pages, the Court struck Plaintiffs' complaint and ordered Plaintiffs to file an amended complaint on the Court-approved form that complies with the Local Rules. (ECF No. 5.)

The Court ordered Plaintiffs to file their amended complaint on or before February 19, 2018. (*Id.*) The Court warned Plaintiffs that failure to comply with the Court order within the allotted time would result in a recommendation that the case be dismissed without further notice. (*Id.*)

Rather than filing an amended complaint, Plaintiffs have engaged in a lengthy attack on both the Court's rulings regarding compliance with the Local Rules and the judges involved in this case. (*See* ECF Nos. 8, 12.) When this did not result in their desired outcome, Plaintiffs requested an additional 30-day extension of time to file their amended complaint, which the Court granted. (ECF Nos. 12, 17.) As a result, Plaintiffs were ordered to file their amended complaint on or before March 29, 2018. (ECF No. 17.)

Yet, instead of using that additional 30 days to draft their amended complaint on the Court-approved form, Plaintiffs filed five more motions and a notice with the Court—totaling roughly 53 pages— attacking the Court and its rulings, which did nothing to advance their case. (*See* ECF Nos. 18, 21, 25, 26, 28, 29.) Two of these motions were filed after the Court advised Plaintiffs of the following:

> Plaintiffs are reminded that their amended complaint must be filed on or before March 29, 2018. (ECF No. 17.) Plaintiffs are additionally advised that an extension of time will only be granted "for good cause," *see* Fed. R. Civ. P. 6(b). In the event Plaintiffs seek an extension of time Plaintiffs are advised that in determining whether there is good cause the Court will consider Plaintiffs' repeated decision to waste time attacking the Court and its rulings rather than devoting time to filing an amended complaint that complies with the Local Rules and the Court's orders.

(ECF No. 27.)

Despite the Court's multiple warnings and reminders described above—and despite the Court providing Plaintiffs with additional time to prepare and file their amended complaint— as of the date of this report and recommendation, Plaintiffs have not complied with the Court order, by filing an amended complaint that complies with the Local Rules (and apparently have no intention of doing so based upon their previous filings).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and failure to comply with an order of the Court.

**IN CHAMBERS** this 30th day of March 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**